**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

BEN VENTURA

      v.                                         Civil No. 26-cv-345-JL-AJ

FRAN VELLA-MARRONE,
BRIAN GOTLIEB, AND
GENINE EDWARDS

**REPORT AND RECOMMENDATION**

Plaintiff, Ben Ventura, proceeding pro se without counsel, filed a Complaint (Doc. No. 1) in this court.  The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**PRELIMINARY REVIEW STANDARD**

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the Complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**DISCUSSION**

The same named Plaintiff filed the same Complaint against the same Defendants

asserting the same (scant) facts and legal conclusions in more than twenty federal district courts

as of the date of this Report and Recommendation.  Plaintiff contends that the named

Defendants, who are not identified in any way beyond their names, violated due process.

Confronting a similarly vacuous Complaint, the court in the District of Rhode Island

dismissed the matter without leave to amend:

> While the Court would ordinarily extend an opportunity to amend, in this case it does not: there are too many defects and it is evident to the Court that this is a "ghost" complaint, not brought by a real person who suffered a real injury as a result of a real violation of federal or any other law.

Mar. 13, 2026 Text Order, Collins v. Fang, No. 1:26-cv-00152-MRD-PAS (D.R.I. Mar. 13,

2026) (citations omitted).

The Complaint here warrants the same disposition.  The facts stripped of legal

conclusions are not sufficient to satisfy the requirements of Fed. R. Civ. P. 8, or to state any

claim upon which relief can be granted.  The suit appears to be malicious and an abuse of

process.  Accordingly, the district judge should dismiss the Complaint in its entirety, and then the

Clerk's Office should close the case.

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss the Complaint in its entirety,

and then the Clerk's Office should enter judgment and close the case.  Any objections to this

Report and Recommendation must be filed within fourteen days of receipt of this notice.  See

Fed. R. Civ. P. 72(b)(2).  The objection period may be extended upon motion. Only those issues

raised in the written objections "'are subject to review in the district court,'" and any issues "'not

preserved by such objection are precluded on appeal.'"  Santos-Santos v. Torres-Centeno, 842

F.3d 163, 168 (1st Cir. 2016) (citations omitted).

Andrea K. Johnstone
United States Magistrate Judge

May 15, 2026

cc:     Ben Ventura, pro se